IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOYCE COLLINS WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-744-GPM |
| ) | |
| BANK OF AMERICA, N.A.; LAW ) | |
| OFFICES OF IRA T. NEVEL, LLC; and ) | |
| DCM SERVICES, LLC ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court on a motion to remand to state Court filed by Plaintiff Joyce Collins Wagner (Doc. 16). Defendant DCM Services, LLC ("DCM") filed a response opposing Plaintiff's motion to remand. The Court has reviewed the papers; the motion to remand to state court (Doc. 16) is **DENIED**.

## FACTS

On May 5, 2012, Plaintiff filed a five-count complaint against DCM, Bank of America, N.A. ("BOA"), and Law Offices of Ira T. Nevel, LLC ("Nevel") in the Circuit Court of the Fourth Judicial Circuit, Marion County (Doc. 3-1). The complaint contains five counts, which are as follows: wrongful foreclosure (count one), malicious prosecution (count two), unfair debt collection practices (count three), abuse of process (count four) and slander of title (count five). (Doc. 3-1). On June 26, 2012, Defendant DCM filed a notice of removal pursuant to 28 U.S.C. §§ 1441(a) & (c) and 1446 claiming the district court has original jurisdiction pursuant to 28 U.S.C.

§§ 1331 & 1441 of Plaintiff's third count, unfair debt collection practices (Doc. 3). Both BOA and Nevel consented to the Notice of Removal filed by DCM (Doc. 3-1).

After carefully reviewing Plaintiff's motion, it is difficult to discern Plaintiff's theory for why remand of the *entire case* is appropriate. First, Plaintiff's position is premised on the notion that the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), grants concurrent jurisdiction to the state court to enforce the FDCPA. According to Plaintiff, the state law claims constitute the main body of the case, and the FDCPA claim is peripheral to these state claims.

Plaintiff claims the Court has discretion to remand the entire case to state court through a combined reading of 28 U.S.C. § 1367(c) and 28 U.S.C. § 1447(d). However, it is unclear to the Court which sub-section of 28 U.S.C. § 1367(c) Plaintiff's theory references. The Court is left to deduce that Plaintiff's combined reading requires the Court to consider 28 U.S.C. § 1447(d) in conjunction with 28 U.S.C. § 1367*(c)(2)*: the state claims substantially predominate over the FDCPA claim.

Yet, Plaintiff's papers also advance the theory that the Court does not have supplemental jurisdiction of the state claims in the first place. Indeed, according to Plaintiff, the Court "possesses neither original nor supplemental jurisdiction over Counts I, II, IV, and V . . ." (doc. 17, ¶ G), and the state law claims are totally unrelated to the federal claim (*See* Doc. 16, ¶ 8).

DCM contends that 28 U.S.C. § 1441(c)(2) requires this Court to maintain jurisdiction over count three, the FDCPA claim. DCM urges the Court to sever and remand the state claims because these claims are not within the Court's original or supplemental jurisdiction (Doc. 24, p. 2). According to DCM, neither Sections 1441, 1367 nor 1447(d) allow this Court discretion to

remand the FDCPA claim. Forcing the parties to litigate this case in different forums was a choice made by Congress in amending Section 1441(c), and *also* by Plaintiff in suing DCM and other defendants for violation of a federal statute.

## ANALYSIS

The first issue is whether Plaintiff's FDCPA claim is properly before the Court. Under 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is indisputable that Plaintiff's FDCPA claim arises under the laws of the United States since a federal statute provides for the claim.

Next, the Court must determine whether Plaintiff's state law claims should be severed and remanded. Under 28 U.S.C. § 1441, when a case is removed to federal court on the basis of federal question jurisdiction, the district court *must* sever all claims for which the court does not have original or supplemental jurisdiction. 28 U.S.C. § 1441(c). Here, Plaintiff's four state law claims clearly do not fall within the original jurisdiction of this Court. Accordingly, the next step is to determine whether the state law claims fall within the supplemental jurisdiction of the Court.

A state claim falls within the Court's supplemental jurisdiction if it is "so related to claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In general, the "[j]udicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts." *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995). It is critical to consider whether Plaintiff's claims "are such that he would ordinarily be expected to try

them all in one judicial proceeding . . . ." *United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966).

Here, Plaintiff's state law claims all stem from an alleged wrongful foreclosure after the death of Plaintiff's husband, Eddie Wagner. The state law claims all pertain to the conduct of BOA and or Nevel. Meanwhile, the FDCPA claim, is the *only* claim where Plaintiff even mentions DCM.

The common nucleus of operative facts among the state law claims is that Plaintiff "is and was at all times relevant" the owner of the premises sought to be foreclosed upon by BOA in a state action in Marion County, Illinois. This fact, however, is not pleaded in reference to the FDCPA claim and has no bearing on the FDCPA claim. A careful reading of Plaintiff's complaint reveals a great deal of common facts pleaded in each state claim that are not mentioned in the FDCPA claim.

Plaintiff's own motion to remand states "[t]he state law claims in Counts I,II,IV, and V are totally unrelated to the federal claim in Count III." (Doc. 16, ¶ 8). Indeed, Plaintiff also asserts the "facts needed to prove the federal claim in Count III are totally different from the core of evidentiary facts which are needed for proof of the state claims." (Doc. 16, ¶ 13). Accordingly, the Court concludes Plaintiff's state law claims do not come under the Court's supplemental jurisdiction as articulated in 28 U.S.C. § 1367. Since the Court has concluded no supplemental jurisdiction exists, the analysis stops and the Court need not address the considerations of 28 U.S.C. § 1367(c). Since Section 1367(c) does not come into the analysis, the Court declines to address whether Plaintiff's combined reading 28 U.S.C. § 1367(c) and 28 U.S.C. § 1447(d) is correct under her theory of the case.

## CONCLUSION

Plaintiff's motion to remand this case to state court (Doc. 16) is **DENIED**. The Court properly has jurisdiction over the FDCPA claim and does not have jurisdiction over the state claims. The state claims are as follows: wrongful foreclosure (count one), malicious prosecution (count two), abuse of process (count four), and slander of title (count five). Pursuant to 28 U.S.C. § 1441(c), Plaintiff's state claims are hereby **SEVERED** and **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, Marion County, Illinois.

**IT IS SO ORDERED.**

**DATED**: December 17, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge