IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOYCE COLLINS WAGNER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-744-GPM |
| | ) |
| BANK OF AMERICA, N.A.; LAW OFFICES OF IRA T. NEVEL, LLC; and DCM SERVICES, LLC, | ) ) ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The matter now before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant, Law Offices of Ira T. Nevel ("Nevel") (Doc. 29).  On May 13, 2013, the Court held an in-court hearing to entertain oral argument on the motion to dismiss. Three days before the scheduled hearing, Defendant Bank of America filed a motion joining Nevel's motion to dismiss (Doc. 36).

Plaintiff, Joyce Collins Wagner, appeared at the in-court hearing through her counsel. Nevel is a law office and is representing itself *pro se*.  Bank of America did not show up for the in-court hearing.  Nevel contends Plaintiff's complaint has two problems: (1) a statute of limitations issue; and (2) this lawsuit, which pertains to the Fair Debt Collection Practices Act ("FDCPA"), is more properly a motion for sanctions in the state court foreclosure action.

During oral argument, the Court articulated its reasoning why Nevel's statute of limitations argument fails.  However, the Court took this matter under advisement to carefully review

Plaintiff's complaint in an attempt to discern whether the allegations contained therein are sufficient to survive the remaining issue raised by Nevel.

In examining the present 12(b)(6) motion to dismiss, the Court is mindful of the guidance the United States Supreme Court has provided in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007); and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). This string of cases has lead the Seventh Circuit Court of Appeals to issue additional guidance to the district courts.

> Our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact. *Cf. Smith v. Duffey*, 576 F.3d 336, 339-40 (7th Cir. 2009) (noting courts' over reliance on *Twombly*). A defendant is owed "fair notice of what the … claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under *Conley*, just as under *Twombly*, it is not enough to give a threadbare recitation of the elements of a claim without factual support.

*Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). A complaint must contain enough facts to state a claim to relief that is "plausible on its face" – the now familiar phrase originally used in *Twombly* – and "also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur*, 581 F.3d at 602-03. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "This said, in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur*, 581 F.3d at 602-03. The Court of Appeals, in an opinion by Circuit Judge Wood, summarized this analysis as follows:

> So what do we take away from *Twombly*, *Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy

> or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). One month later, Circuit Judge Posner explained: "'[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal*, 129 S. Ct. at 1950.

When assessing an FDCPA claim, the Court of Appeals has instructed the Court to examine the complaint through the eyes of an unsophisticated debtor. *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). A plaintiff's claim should survive a 12(b)(6) motion to dismiss "if relief could be granted under any set of facts that could be proved consistent with the allegations." *Id*.

In general, 15 U.S.C. § 1692g sets forth mandatory information that a debt collector *must* provide, in writing, to a debtor. The statute carefully outlines procedures that a debt collector must comply with if a consumer disputes the debt. *See* 15 U.S.C. § 1692g(b). Here, the Court finds Plaintiff has alleged, with sufficient particularity, violations of § 1692g that state a claim for relief. Plaintiff's complaint contains several paragraphs that outline Nevel's failure to comply with the notice requirements outlined in § 1692g(a) (*See* Doc. 3-1). There are also sufficient allegation of Nevel's failure to comply with § 1692g(b), that if true, may entitle Plaintiff to relief. Nevel's motion to dismiss (Doc. 29) is therefore **DENIED**. Defendant Bank of America's motion to dismiss (Doc. 36) is likewise **DENIED**.

Prior to the in-court hearing, Plaintiff filed a motion to strike Nevel's reply brief (Doc. 32). Certainly, it is true that reply briefs are not favored and should be filed *only* in exceptional circumstances. *See* SDIL-LR 7.1(c)(2). The party filing the reply brief is expected to state the exceptional circumstances that necessitate a reply brief. *Id*. While Plaintiff's motion (Doc. 32) has some merit, the Court is cognizant of the arguments that are relevant to the disposition of Nevel's motion; and those that are not. At the in-court hearing, the Court clearly articulated its thought process on Nevel's motion to dismiss. Having denied Nevel's motion to dismiss, Plaintiff's motion to strike (Doc. 32) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED**: May 16, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge